RECEIVED
IN LAKE CHARLES, LA.

DEC - 9 2009

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20093 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BRUCE C. FRAZIER | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Presently before the court is the defendant's Motion to Reconsider [doc. 34] the Court's Decision of October 22, 2009.

This is not the first motion filed by this defendant. He filed a Motion to Modify [doc. 30] his sentence, which was denied [doc. 31] on May 7, 2009. He filed a Motion for Reconsideration [doc. 32], which was denied [doc. 33] on October 22, 2009. The current motion seeks reconsideration of this court's order denying his motion for reconsideration.

In the court's order [doc. 31] of May 7, 2009, the defendant was instructed that his proper remedy is to file a petition for writ of *habeas corpus*. In his first Motion for Reconsideration, Frazier asserted that he did not have "enough time left to make such an effort worthwhile." He asked the court to simply grant him credit for time served without filing the proper pleadings. This court determined that the defendant's argument was not persuasive and denied his motion.

In the current motion for reconsideration, the defendant asserts that this court did not understand his prior motion. He states that he did, in fact, file a petition for writ of habeas corpus, which was denied. He attached a copy of the Magistrate Judge's Report and Recommendation to

his motion. That Report and Recommendation incorporated sections of the transcript of the defendant's sentencing. This transcript has also been filed in this record [doc. 29].

The defendant states that "[t]he facts are simple. The court awarded credit for any time served during sentencing. When defense counsel asked the court if credit would include time spent in Georgia 'before he got here', the court clearly stated 'yes.'" This is a misstatement of the facts. When this court stated that the defendant would receive credit for time served, Mr. Streva asked if that would include time served in Georgia before "he got here?" Transcript, p. 11, lines 24-25.

THE COURT: It all depends on what–

MR. STREVA: If it's possible, BOP, your Honor.

THE COURT: Yes, I don't know what parts are going to be consecutive to others and those concurrent to others by operation of law. Transcript, p. 12, lines 1-5.

This court clearly did NOT say that the defendant would unequivocally be given credit for the time he served in Georgia.

The defendant allegedly quotes the court saying "[t]he court stated 'if you were not serving a state sentence while under federal detainer, you would not be granted credit for this time.'" The defendant does not give a reference for this quote. Whether or not the defendant would receive credit for time served while admittedly serving a state sentence while under a federal detainer is determined by Bureau of Prisons policy. Frazier was denied credit for this time. He filed a *habeas* which was denied. Once again, the defendant is advised that this court does not have jurisdiction to modify his sentence at this point in these proceedings. Accordingly,

IT IS ORDERED that the defendant's Motion for to Reconsider [doc. 34] IS DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall file no more motions to modify

this sentence or to reconsider this court's prior rulings without prior approval by this court.

Lake Charles, Louisiana, this ____ day of December, 2009.

PATRICIA MINALDI<br>
UNITED STATES DISTRICT JUDGE